UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRUCE E. TASSONE,** | : | 3:11cv1718 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| **FOXWOODS RESORT CASINO and MASHANTUCKET PEQUOT INDIAN TRIBE,** | : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this action, plaintiff, pro se, alleges that he is a pathological gambler and that defendants Foxwoods Resort Casino (the Gaming Enterprise") and the Mashantucket Pequot Indian Tribe ("Tribe") knowingly and willingly took advantage of his addiction to gambling.[1] He asserts claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., violation of Connecticut General Statutes §  53-396, tortious breach of duty, premises liability, intentional infliction of emotional distress, and breach of contract.  Plaintiff seeks punitive damages.

Defendants have moved to dismiss the action for lack of subject matter jurisdiction.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the

---

[1] The proper defendant is the Mashantucket Pequot Gaming Enterprise d/b/a Foxwoods Resort Casino.

question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  See  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."  Kiowa Tribe of Oklahoma v. Mfr. Tech., Inc., 523 U.S. 751, 754 (1998).  Congress must unequivocally express abrogation of  a tribe's immunity, and similarly, a tribe's waiver of its immunity must be clear.  C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418 (2001).  Tribal immunity extends to certain commercial activities occurring beyond a tribe's reservation. Worrall v. Mashantucket Pequot Gaming Enterprise, 131 F. Supp. 2d 328, 330 (D. Conn. 2001).

An arm of the tribe is treated the same as the tribe for jurisdictional purposes. Ninigret Dev. Corp. v. Narrangansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 27 (2d Cir. 2000).  The Gaming Enterprise is an arm of the Mashantucket Pequot Tribe and therefore entitled to immunity.  Worrall, 131 F. Supp. 2d at 330.

In this instance, RICO does not contain an abrogation of the tribal immunity. Buchanan v. Sokaogon Chippewa Tribe, 40 F. Supp. 2d 1043, 1047 (E.D. Wis. 1999). Plaintiff cites a portion of the Tribe's Gaming Procedures that do provide the State gaming agency with a cause of action in federal district court to enforce compliance with the provisions therein.  However, the Tribe has made no clear waiver of its immunity for claims pursuant to RICO or state common law.

Accordingly, the Court lack subject matter jurisdiction over plaintiff's claims, and the motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. # 17] is GRANTED.  The Motion to Compel Defendant to Protect and Preserve Discovery Material [doc. # 16] is MOOT.

The clerk is instructed to close this case.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this \_23rd\_\_ day of May 2012 at Bridgeport, Connecticut.